UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDAL ALAN NAVARRETE,

       Petitioner,                  Civil No. 2:22-CV-11050
                                        HONORABLE NANCY G. EDMUNDS
v.                                UNITED STATES DISTRICT JUDGE

JOHN CHRISTIANSEN,

       Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO
APPEAL *IN FORMA PAUPERIS***

       Randal Alan Navarrete, ("Petitioner"), confined at the Muskegon Correctional

Facility in Muskegon, Michigan, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In his *pro se* application, petitioner challenges his convictions for four

counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(2)(b).  For the reasons

that follow, the petition for writ of habeas corpus is DENIED.

## I. BACKGROUND

       Petitioner was convicted following a jury trial in the Oakland County Circuit Court.

       This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of the sexual assault of the daughter of defendant's ex-
> wife's cousin. Defendant would babysit the victim while her mother was at
> work. Defendant would summon the victim to the bathroom of the
> apartment, lock the door, and tell the victim to bend over and lean against
> the toilet. Defendant would pull down the victim's shorts and then his own,
> exposing his penis. Defendant would grab a hair brush, put cream on the

1

handle, and insert the handle into the victim's anus. Following penetration with the hairbrush handle, defendant would insert his penis into the victim's anus. After cleaning the victim's bottom following ejaculation, defendant would stand on the ledge of the bathtub, have the victim face him, and tell her to close her eyes. When she closed her eyes, defendant would put his penis into her mouth. The victim testified that this sequence of acts happened more than once, and happened when no one else was home, or when the other children were watching television.

The victim's mother took the victim to see Helen Stewart, a nurse practitioner working under the direction of a pediatrician. Stewart testified that the victim's rectum was red but noted it as erythema. Stewart testified that the redness is a nonspecific finding in sexual abuse cases, which means that it is not specific for child abuse, and it could have been caused from itching or wiping too hard. Following the examination by Stewart, the victim began therapy sessions at Care House. The victim had approximately 69 therapy sessions, where the victim and the Care House therapist developed a "trauma narrative". The trauma narrative is a way for children to retell what happened to them; it is not supposed to be a fact checking procedure of their allegations, but rather a way for children to identify, and navigate their thoughts and feelings related to abuse. Defendant was interviewed by police, denied the allegations and subsequently fled to Mexico. A warrant for defendant's arrest was formally authorized on July 15, 2015, and he was extradited back to Michigan in August of 2017.

*People v. Navarrete*, No. 343355, 2019 WL 4455890, at *1 (Mich. Ct. App. Sept. 17, 2019).

Petitioner's conviction was affirmed on his direct appeal. *Id., lv. den.* 505 Mich. 996, 939 N.W.2d 262 (2020).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Navarrete,* No. 17-264073-FC (Oakland Cty.Cir.Ct., Feb. 19, 2021).   The Michigan appellate courts denied petitioner leave to appeal. *People v. Navarrete*, No. 356912 (Mich.Ct.App. July 15, 2021); *lv. den.* 967 N.W.2d 634 (2022).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The evidence was insufficient to prove that Defendant-Appellant Randal Alan Navarrete is guilty of four counts of First Degree Criminal Sexual Conduct.

2

II. The Defendant was denied the effective assistance of Trial and Appellate Counsel, as guaranteed by the Sixth Amendment of the United States Constitution? [sic] By counsel failing to investigate or, object to increase in charges after each plea offer.

III. The trial court abused its discretion in allowing testimony of an unqualified expert to be introduced, along with a biased police officer? [sic] In violation of Defendant's Constitutional rights to a fair trial, and improper admission of 404(b) evidence?

IV. The Defendant was denied his constitutional right to a fair trial? [sic] As some of the witnesses testified against him, receiving specialized treatment in exchange for their testimony. Also by the prosecutor's misconduct, combined with the Cumulative error. A new trial is warranted.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas

court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A.  Claim # 1.  The insufficiency of evidence claim.**

Petitioner first claims that there was insufficient evidence to convict him of first-degree criminal sexual conduct.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the

state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Petitioner was convicted of first-degree criminal sexual conduct for engaging in various forms of sexual pentration with a victim under the age of 13 years. Under Michigan law, a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration of another person and the other person is under 13 years of age. *See Greenwell v. Elo,* 77 F. App'x. 790, 792 (6th Cir. 2003)(*citing* M.C.L.A. 750.520b(1)(a)).

Petitioner does not contend that the victim's testimony, if believed, would not establish the crucial elements of first-degree criminal sexual conduct.  Instead, he argues that the conviction should be reversed because the victim was not a credible witness due to her inconsistent stories and the lack of corroboration.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.

3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim.  *Id.*  Indeed, the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F. 2d 1142, 1144-1145 (6th Cir. 1985).

Petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury.  Petitioner is therefore not entitled to habeas relief on this claim. See *Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

Additionally, the fact that the victim's testimony was uncorroborated does not render the evidence in this case insufficient.  The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. See *United States v. Howard,* 218 F. 3d 556, 565 (6th Cir. 2000)(*citing Gilbert v. Parke,* 763 F. 2d 821, 826 (6th Cir. 1985)).  The victim's testimony that petitioner sexually penetrated her and that she was under thirteen years old at the time of the acts was sufficient to sustain petitioner's first-degree criminal sexual conduct convictions, notwithstanding the alleged lack of additional evidence to corroborate the victim's testimony. See *O'Hara v. Brigano,* 499 F. 3d 492, 500 (6th Cir. 2007).  Petitioner is not entitled to relief on his first claim.

**B.  Claims # 2-4. The procedurally defaulted claims.**

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Navarrete*, 967 N.W.2d at 634-35. The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Navarrete*, No. 356912 (Mich.Ct.App. July 15, 2021)(ECF No. 10-12, PageID. 762).  These orders, however, failed to refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for

7

rejecting his post-conviction appeals.   Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).   This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Oakland County Circuit Court judge, in rejecting petitioner's post-conviction claims, stated several times that petitioner failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise these issues on direct appeal. *People v. Navarrete,* No. 17-264073-FC, * 3-5, 9, 11 (Oakland Cty.Cir.Ct., Feb. 19, 2021)(ECF No. 10-9, PageID. 622-24, 628, 630). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007).   The fact that the trial judge also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject the claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999).   A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).   Petitioner's remaining claims are procedurally defaulted.[1]

---

[1] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F. 3d at 291.   However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

8

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default.   Petitioner, however, has not shown that appellate counsel was ineffective.  It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

> *Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington,* 466 U.S. 688 (1984)] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

> *Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52).

9

"Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that petitioner raised for the first time in his post-conviction motion for relief from judgment.  Appellate counsel filed an eleven page appellate brief which raised the sufficiency of evidence claim that petitioner himself raises as the first claim in his petition. [2]  Petitioner has not shown that appellate counsel's strategy in presenting this claim and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010).

---

[2] *See* Defendant-Appellant's Brief on Appeal, ECF No. 10-10, PageID. 668-83.

Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. Petitioner's sufficiency of evidence claim (Claim # 1) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).   For the reasons stated by the Assistant Michigan Attorney General in the answer to the petition for writ of habeas corpus, and the Oakland County Circuit Court judge in his opinion and order denying petitioner's post-conviction motion, petitioner failed to show that his procedurally defaulted claims have any merit.  In particular, the reasons justifying the denial of petitioner's procedurally defaulted claims were "ably articulated by the" Oakland County Circuit Court judge Appeals in rejecting these claims claim, thus, "the issuance of a full written opinion" by this Court regarding this claim "would be duplicative and serve no useful, jurisprudential purpose." *See e.g. Bason v. Yukins*, 328 F. App'x. 323, 324 (6th Cir. 2009).

### IV.  Conclusion

The petition is denied with prejudice.  The Court denies a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To

demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

(2) A certificate of appealability is DENIED.

(3) Petitioner is DENIED leave to appeal *in forma pauperis*.

s/ Nancy G. Edmunds_____
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT JUDGE

Dated:  July 5, 2023